IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DOUGLAS WAYNE BLACK**                                    **PLAINTIFF**

V.                          CASE NO. 5:17-CV-05253

**SHERIFF TIM HELDER;
KRISTY SMITH, Food Management
Commissary/CFO; CORPORAL
JERRY RILEY; DEPUTY KEIGLY;
and CORPORAL TAYLOR**                                       **DEFENDANTS**

## OPINION AND ORDER

Plaintiff has filed this case pursuant to 42 U.S.C. § 1983. He proceeds *pro* se and *in forma pauperis*. Plaintiff is currently incarcerated in the Washington County Detention Center ("WCDC").

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 11), from October 10 to October 16, 2017, because of a glitch in the commissary software, Plaintiff was not provided with what he characterizes as "indigent" supplies.[1] Plaintiff alleges that this caused him to "not [be] able to shower for about 6 days." Because he had not showered,

---

[1] "Indigent" supplies typically include soap, shampoo, and deodorant.

Plaintiff states he was "harassed by detainees about cleanliness and threatened." He alleges that WCDC employee Kristy Smith allowed the use of the "non-user friendly and glitched software" for the "commissary business." He sues Smith in her personal capacity only.

From November 10 to November 16, 2017, Plaintiff alleges that Deputy Keigly also refused to provide him with "indigent" supplies. Plaintiff also claims that Deputy Keigly refused to "check [the] validity of the indigents list." This was true despite the fact that Plaintiff told Deputy Keigly that he was indigent and also showed Deputy Keigly his inmate account on the kiosk. As a result, Plaintiff states he was unable to maintain his "cleanliness and hygiene" and was again harassed by other detainees. Plaintiff sues Deputy Keigly in his personal capacity only.

On December 22, 2017, Plaintiff alleges Corporal Riley and Corporal Taylor "assaulted and slammed [him] into the utility door outside of F Block." Plaintiff's arm was twisted behind him and raised up so that it caused the muscles to be pulled and resulted in swelling in his shoulder. Plaintiff was then put in handcuffs. As a result of the injury to his shoulder, Plaintiff maintains that he was put on medication and given a muscle rub. Plaintiff sues Corporals Riley and Taylor in their personal capacities only.

As relief, Plaintiff seeks compensatory and punitive damages. He also asks for the WCDC to be investigated, the procedures reviewed, a pod by pod inspection to be performed, and an investigation of prescription distribution and medical treatment to be completed.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mere conclusory allegations, however, with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of

law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

First, Plaintiff's claims against Sheriff Helder are subject to dismissal because no factual allegations in the Complaint mention Sheriff Helder by name. He is merely listed in the Complaint as a Defendant. The law is clear that a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." *Id*. For all of these reasons, Plaintiff has failed to state a claim against Sheriff Helder, and he will be dismissed from the lawsuit.

With respect to the claims against Kristy Smith and Deputy Keigly, they are also dismissed. The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the

"wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). An Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component "tests whether, viewed objectively, the deprivation of rights was sufficiently serious." *Irving*, 519 F.3d at 446. The subjective component "requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Id.* (quoting *Farmer*, 511 U.S. at 834).

Here, on two occasions, Plaintiff maintains that he was denied hygiene products for a period of approximately six days. The first occasion was caused by a "glitch" in the software used by the commissary department, and Plaintiff attributes the "glitch" to Kristy Smith. The second occasion was caused by Deputy Keigly's failure to verify the validity of the "indigents list." Neither instance was sufficiently serious to deprive Plaintiff of the minimal civilized measure of life's necessities or to cause a substantial risk of serious harm to the Plaintiff. Further, the Eighth Circuit has held only that "a long-term, repeated deprivation of hygiene supplies violates inmates Eighth Amendment rights." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citation omitted). By contrast, short-term deprivations of hygiene supplies, such as those alleged deprivations at issue here, do not rise to the level of a constitutional violation. *See, e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (several days confinement without underwear, blankets, mattress, exercise and visits did not rise to the level of an Eighth Amendment violation); *Williams v. Delo*, 49 F.3d 442, 444-445 (8th Cir. 1995) (prisoner placed in a segregation cell without clothes, running water, tooth brush, tooth paste, deodorant, soap, sheets, blankets, and mattresses, for a period of four days was not

deprived of the minimal civilized measure of life necessities). Because no claim of constitutional dimension is stated against Kristy Smith and Deputy Keigly, they are dismissed as Defendants in this action.

## IV. CONCLUSION

For the reasons stated herein, the claims against Sheriff Helder, Kristy Smith, and Deputy Keigly are subject to dismissal, as the claims are frivolous or fail to state claims upon which relief may be granted. Therefore, these three Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

By separate order, the Complaint will be served on the remaining two Defendants, Corporal Riley and Corporal Taylor.

**IT IS SO ORDERED** on this 13th day of March, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE